**FILED**
**Feb 15, 2024**
**12:21 PM(CT)**
**TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS**





# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **TOWANDA MILLER,** | ) | **Docket No.: 2022-08-0929** |
| **Employee,** | ) | |
| **v.** | ) | |
| **SMITH & NEPHEW INC.,** | ) | **State File No.: 40160-2021** |
| **Employer,** | ) | |
| **And** | ) | |
| **TRAVELERS INDEMNITY COMPANY,** | ) | |
| **Carrier.** | ) | **Judge Shaterra R. Marion** |
| | ) | |

---

## COMPENSATION ORDER DENYING BENEFITS

---

The Court held a Compensation Hearing on February 12, 2024, on Ms. Miller's entitlement to medical and disability benefits. The Court holds that Ms. Miller is not entitled to payment for medical bills or disability benefits for her back surgery because she submitted no admissible medical proof that the surgery was primarily related to her work injury. However, the Court awards medical benefits to the extent that Ms. Miller's compensable injury requires additional treatment.

### Motion for Continuance

As a preliminary issue, Ms. Miller filed a motion for continuance three business days before the compensation hearing. Smith & Nephew opposed the motion, and the Court heard the parties' arguments on the day of the hearing.

In her motion, Ms. Miller requests more time to address the C-32 after Smith & Nephew objected to its admissibility. At the hearing, she says that she tried to get Dr. Crosby to testify live, but he was unavailable. She also wants a continuance because Smith & Nephew sent her medical deposition transcripts but not the accompanying exhibits.

Smith & Nephew argues that Ms. Miller's motion did not comply with the scheduling order motion deadline of December 12, 2023. Additionally, Ms. Miller did not mention Dr. Crosby at the prehearing conference, nor did she list Dr. Crosby as a witness

in her pre-trial filings. Further, Smith & Nephew sent the exhibits in question to Ms. Miller by email, and they were also available through the Court's filing system.

The Court finds that Ms. Miller did not mention missing files before the hearing, nor did she identify Dr. Crosby as a potential witness. Thus, the Court denies her motion for a continuance.

**History of Claim**

Ms. Miller injured her back when a co-worker opened a door into her on May 17, 2021. After conservative treatment at a clinic, she chose orthopedist Riley Jones from a panel offered by Smith & Nephew.

Dr. Jones noted that Ms. Miller reported back pain that sometimes radiated into her left buttock but not into her arms or legs. At the hearing, Ms. Miller confirmed that she did not have radiculopathy when she treated with the clinic or with Dr. Jones.

Dr. Jones's diagnostic testing came back normal except for evidence of a disc protrusion with no nerve compression. Dr. Jones then referred Ms. Miller to neurosurgeon John Brophy. Dr. Brophy confirmed that the tests did not show nerve compression, and Ms. Miller only complained of soft-tissue back pain without radiculopathy. He did not recommend surgery or injections and released her back to Dr. Jones with no anticipated need for treatment and a 0% impairment.

Dr. Jones then ordered a bone scan, which also came back negative, although Ms. Miller testified it was incomplete due to the pain she suffered during the procedure. After the scan, Dr. Jones diagnosed a lumbar sprain and discharged Ms. Miller with no anticipated need for further treatment and a 0% impairment. Ms. Miller testified that two months after her release, she received two unauthorized injections that gave her short-term relief but did not heal her symptoms.

Ms. Miller said that over a year after Dr. Jones's release, she sought unauthorized treatment with Dr. Glen Crosby. Ms. Miller offered a C-32 from Dr. Crosby, but on Smith & Nephew's objection, it was not admitted into evidence. The Court found the C-32 did not contain the statement of qualifications required by Tennessee Code Annotated section 50-6-235(c). She also offered Dr. Crosby's medical records, but they were excluded as hearsay.

Dr. Jones reviewed Dr. Crosby's records and testified that Dr. Crosby found evidence of radiculopathy, and he ultimately performed a discectomy. Dr. Jones testified that Dr. Crosby's records did not change his original opinion. He did not believe Dr. Crosby's treatment and surgery to be more than 50% related to Ms. Miller's work injury, relying on Ms. Miller's lack of radiculopathy when Dr. Jones treated her.

Dr. Brophy also disagreed with Dr. Crosby's assessment that his treatment and surgery were related to Ms. Miller's work injury. Dr. Brophy stated that Ms. Miller did not develop radiculopathy until months after her injury. Thus, he could not relate it to her work injury. He also relied on the fact that Ms. Miller had a positive straight leg raise when she saw Dr. Crosby, but a negative straight leg raise test when Dr. Jones examined her. Dr. Brophy testified that a positive straight leg raise occurs in about 80% of people who have a ruptured disc.

Ms. Miller did not offer any evidence establishing that a doctor took her off work for her alleged injury.

## Findings of Fact and Conclusions of Law

### *Involuntary Dismissal*

At the close of Ms. Miller's direct proof, Smith & Nephew moved for a directed verdict, meaning an "involuntary dismissal" of Ms. Miller's case under Rule 41.02(2) of the Tennessee Rules of Civil Procedure. In *Burchfield v. Renfree*, the Tennessee Court of Appeals stated that the court may grant the motion only if it determines that reasonable minds could not differ as to the conclusions to be drawn from the evidence. 2013 Tenn. App. LEXIS 685, at *86-87 (Tenn. Ct. App. 2013).

A motion for involuntary dismissal is rarely appropriate in a workers' compensation case, "inasmuch as a reversal of the trial court's ruling results in additional proceedings and undue delay." *Cunningham v. Shelton Sec. Serv.*, 46 S.W.3d 131, 137-38 (Tenn. 2001). The trial court should instead hear the entire case and make appropriate findings of fact, and alternative findings, when necessary, for appellate review. *Id.*

Here, Dr. Jones's deposition and medical records had been entered into evidence, providing proof of a compensable work injury. Thus, the Court does not find an involuntary dismissal appropriate and denies the motion.

### *Causation*

Ms. Miller has the burden of proof on all essential elements of her claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). She must show by a preponderance of the evidence that she is entitled to the requested benefits. *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015).

Ms. Miller must first prove that her alleged injury and need for treatment, arose primarily out of and in the course and scope of her employment. She must show "to a

reasonable degree of medical certainty that [the incident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(12) (2023). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *Id.*

In this case, Drs. Jones and Brophy said that Ms. Miller's May 17 injury was not primarily responsible for her need for surgery. As authorized treating physicians, their causation opinions are presumed correct. *Id.* at -102(12)(E).

Ms. Miller has the burden of rebutting that presumption. The Court finds that she did not, as she offered no admissible proof to counter the opinions of Drs. Jones and Brophy.[1] Therefore, Ms. Miller is not entitled to medical benefits relating to Dr. Crosby's surgery. However, the medical proof did establish that Ms. Miller suffered a work-related lumbar strain. Thus, Smith & Nephew shall provide any reasonable and necessary medical treatment the strain may require, with Dr. Jones as the authorized physician.

As for disability benefits, Ms. Miller offered no proof of being taken off work, so the Court cannot award temporary total disability benefits. Further, the medical proof established that Ms. Miller retained no permanent impairment as a result of her May 17, 2021 work injury. Thus, the Court cannot award permanent partial disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Miller's request for payment of past medical bills with Dr. Crosby, temporary total disability, and permanent partial disability is denied.

2. Smith and Nephew shall continue to provide medical treatment with Dr. Riley Jones for any reasonable, necessary, and work-related condition under Tennessee Code Annotated section 50-6-204.

3. The Court taxes the $150.00 filing fee to Smith & Nephew, to be paid to the Court Clerk under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (2022) within five business days of this order becoming final, and for which execution might issue if necessary.

4. Smith & Nephew shall prepare and submit to the Court Clerk a Statistical Data Form (SD2) within ten business days of this order becoming final.

---

[1] Even if Dr. Crosby's opinion had been admitted into evidence, his responses are mere disagreements with Drs. Jones and Brophy, providing no insight into how he reached his conclusion or why the opinions of Drs. Jones and Brophy were incorrect. Further, Ms. Miller admits to developing radiculopathy after being released from Drs. Jones and Brophy. Without additional information, Ms. Miller could not have rebutted the presumption afforded to the opinions of Drs. Jones and Brophy.

5. Unless appealed, this order shall become final 30 days after issuance.

**ENTERED February 16, 2024.**

_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**


## APPENDIX

Exhibits
1. Employer-submitted Medical Records, incorporated by the depositions of Dr. Jones and Dr. Brophy
2. Deposition Transcript of Dr. Jones with CV
3. Deposition Transcript of Dr. Brophy with CV
4. Wage Statement
5. [For Identification Only] Medical Bill of Ms. Miller
6. Ms. Miller's High School Diploma
7. [For Identification Only] C-32 of Dr. Crosby
8. [For Identification Only] Medical Records submitted by Ms. Miller
9. [For Identification Only] Letters from Dr. Crosby
10. [For Identification Only] Check Stubs
11. [For Identification Only] Pictures Submitted by Ms. Miller
12. [For Identification Only] Written Statement from Michael Kossman, Jr.
13. Ms. Miller's Earnings Statements
14. Pictures Submitted by Employer


Technical Record
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Hearing Request
4. Scheduling Order

5. Dispute Certification Notice (Post-Discovery ADR), with letter from Employer to Mediator
6. Employee's Prehearing Statement
7. Employer's Prehearing Statement and Brief
8. Employer's Exhibit List
9. Employer's Witness List
10. Employer's Objection to Employee's C-32
11. Employee's Motion for Continuance
12. Employer's Response to Motion for Continuance

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as indicated on February 16, 2024.

| Name | U.S. Mail | Via Email | Service sent to: |
|---|---|---|---|
| Towanda Miller, Employee | X | X | 4512 Ridgewood Road Memphis, TN 38116 towandamillertn@gmail.com |
| Paul Nicks, Employer's Attorney | | X | pnicks@travelers.com |

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



# NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*